# SUPREME COURT OF THE UNITED STATES

## UNITED STUDENT AID FUNDS, INC. *v.*
## BRYANA BIBLE

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 15–861. Decided May 16, 2016

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, dissenting from the denial of certiorari.

This petition asks the Court to overrule *Auer* v. *Robbins*, 519 U. S. 452 (1997), and *Bowles* v. *Seminole Rock & Sand Co.*, 325 U. S. 410 (1945). For the reasons set forth in my opinion concurring in the judgment in *Perez* v. *Mortgage Bankers Assn.*, 575 U. S. \_\_\_, \_\_\_ (2015), that question is worthy of review.

The doctrine of *Seminole Rock* deference (or, as it is sometimes called, *Auer* deference) permits courts to defer to an agency's interpretation of its own regulation "unless that interpretation is plainly erroneous or inconsistent with the regulation." *Decker* v. *Northwest Environmental Defense Center*, 568 U. S. \_\_\_, \_\_\_ (2013) (slip op., at 14) (internal quotation marks omitted). Courts will defer even when the agency's interpretation is not "the only possible reading of a regulation—or even the best one." *Ibid.*

Any reader of this Court's opinions should think that the doctrine is on its last gasp. Members of this Court have repeatedly called for its reconsideration in an appropriate case. See *Mortgage Bankers*, 575 U. S., at \_\_\_–\_\_\_ (ALITO, J., concurring) (slip op., at 1–2); *id.,* at \_\_\_ (Scalia, J., concurring in judgment) (slip op., at 5); *id.,* at \_\_\_ (THOMAS, J., concurring in judgment) (slip op., at 1–2); *Decker,* 568 U. S.*,* at \_\_\_–\_\_\_ (ROBERTS, C. J., concurring) (slip op., at 1–2); *id.,* at \_\_\_–\_\_\_ (Scalia, J., concurring in part and dissenting in part) (slip op., at 2–7); *Talk Amer-*

*ica, Inc.* v. *Michigan Bell Telephone Co.*, 564 U. S. 50, 68–69 (2011) (Scalia, J., concurring); see also *Christopher* v. *SmithKline Beecham Corp.*, 567 U. S. \_\_\_, \_\_\_–\_\_\_ (2012) (slip op., at 10–14) (refusing to defer under *Auer*). And rightly so. The doctrine has metastasized, see Knudsen & Wildermuth, Unearthing the Lost History of *Seminole Rock*, 65 Emory L. J. 47, 54–68 (2015) (discussing *Seminole Rock*'s humble origins), and today "amounts to a transfer of the judge's exercise of interpretive judgment to the agency," *Mortgage Bankers, supra*, at \_\_\_ (slip op., at 13) (opinion of THOMAS, J.). "Enough is enough." *Decker*, *supra*, at \_\_\_ (opinion of Scalia, J.) (slip op., at 1).

This case is emblematic of the failings of *Seminole Rock* deference. Here, the Court of Appeals for the Seventh Circuit deferred to the Department of Education's interpretation of the regulatory scheme it enforces—an interpretation set forth in an *amicus* brief that the Department filed at the invitation of the Seventh Circuit. For the reasons stated in Judge Manion's partial dissent, 799 F. 3d 633, 663–676 (2015), the Department's interpretation is not only at odds with the regulatory scheme but also defies ordinary English. More broadly, by deferring to an agency's litigating position under the guise of *Seminole Rock*, courts force regulated entities like petitioner here to "divine the agency's interpretations in advance," lest they "be held liable when the agency announces its interpretations for the first time" in litigation. *Christopher, supra,* at \_\_\_ (slip op., at 14). By enabling an agency to enact "vague rules" and then to invoke *Seminole Rock* to "do what it pleases" in later litigation, the agency (with the judicial branch as its co-conspirator) "frustrates the notice and predictability purposes of rulemaking, and promotes arbitrary government." *Talk America, Inc., supra,* at 69 (Scalia, J., concurring).

This is the appropriate case in which to reevaluate *Seminole Rock* and *Auer*. But the Court chooses to sit idly

THOMAS, J., dissenting

by, content to let "[h]e who writes a law" also "adjudge its violation." *Decker*, *supra,* at \_\_\_ (opinion of Scalia, J.) (slip op., at 7). I respectfully dissent from the denial of certiorari.